May it please the distinguished panel, esteemed counsel, and my client, Mr. David Lugo. This case ultimately presents the question... Could you put your name on the record, please? Yes, I apologize. Hard-starred claim for the appellant, David Lugo. Ultimately presents the question, a pure federal question, whether California's motor vehicle statutes, which allow what I like to term as the two hats situation, where a person is allowed to act both as a pitcher and the umpire, calling balls and strikes. Whether the motor vehicle statutes that allow an administrative hearing officer to act as both prosecutor and judge during an administrative hearing violates federal separation of powers question. And I think just facially when you look at the statutes that are challenged, 14-112 and 11-425.30, they clearly violate separation of powers because they give this person... This is a state case. Yes, Your Honor. Well, doesn't the same approach apply in federal Social Security cases? Isn't the ALJ encouraged to ask questions and develop the case? Particularly if the applicant is not represented by counsel. Isn't anybody else there to do it? I think under the Federal Administrative Procedure Act, there's clear guidance that the positions of prosecutor, even in administrative hearings, and judge or adjudicator have to be separated. They have to be separated. It's different than when you have a prosecutor and judge. That's okay. But judge, I mean, investigator and judge, that's okay. But prosecutor and judge, never. Let me tell you what my problem is with your case, and maybe you can zero right on it and tell me why I'm wrong, if I am. This argument that prosecutor and judge, investigator and judge at the same time is not in your complaint, appears nowhere in your complaint. Correct? In the original complaint. Okay. Well, you say original complaint. Did you ever move to file an amended complaint? No, Your Honor. The answer is no, right? Correct. The only amended complaint I see anywhere, quote, in the record is this document you filed after the court entered judgment, correct? Correct, Your Honor. So if we look to the record of this case, that is, your original complaint and the action the judge took, this claim is nowhere to be found. Correct, Your Honor. And that is the reason that a plaintiff is allowed one chance to amend, to cure any defects, which is what we're asking this court to allow us to do, is to amend. Why isn't this a classic Rook repellent situation? You were in state court, you lost, and you appealed to the federal court. To me, that's Rook or Feldman slam dunk. I don't really understand what distinction you're drawing. That is the other major issue in this case, and that's the primary right to res judicata issue. Well, there's a res judicata issue, too, but I just asked you about Rook or Feldman. I mean, that precludes appeals from state courts to federal courts, I think. This is not an appeal. What is it if it's not an appeal? What we did was we filed. There are two different primary rights that are California primary rights theory. The primary right that was challenged in the administrative mandamus proceeding, and what is very interesting and on point is administrative mandamus proceedings are not considered actions at all to which res judicata attaches, and I could cite the people v. Damon, 51 Calab 4th, 958-974. These aren't even considered actions, and there was a different primary right involved in the administrative proceeding, which was there are only three issues that can be raised. Was this person driving under the influence? Was the arrest lawful? Was there probable cause for the stop? Those are the only three factual issues or legal issues that can be raised. You cannot raise a constitutional or statutory issue during the administrative proceeding, and so the only record going to the administrative mandamus proceeding was those three issues. Did the hearing officer decide this? Separation of powers never came up and was never allowed. You're not allowed to raise separation of powers at the DMV administrative proceeding. And you know where else it wasn't? It wasn't in front of Judge Whalen. And the complaint that he dismissed said nothing about this business of the two-headed monster in violation of due process and that business. It was not before him. You did in your opposition ask for the opportunity to amend, but when he ruled you didn't move to amend, you never offered to him, you never sought from him leave to amend to file an amended complaint. There's this amended complaint that you threw in the record without permission that's really not part of the record before us. Am I wrong about any of that? In our opposition to Judge Whalen on the motion to dismiss, we did request to leave. I just said that. Okay. You asked for leave to amend. So he rules and says with prejudice, meaning you can't amend. Correct. You didn't respond with a motion to reconsider, correct? Correct. You didn't respond with a motion saying, Judge, please give us an opportunity to amend, and attached here, too, is the proposed amended complaint raising the claims that we think will pass Rule 12. You never did that. Correct. You just typed up a complaint and what did you do, lodge it? We lodged it and we also had a ---- After judgment. Yes. Okay. Yes. So, you know, what do we do if we bump into Judge Whalen on the street and have to explain to him how we reversed him on an issue that was never before him? How do we explain that? I think we explain it that a plaintiff has the right to amend once and to change what he says in his complaint or her complaint to allege new facts and new theories. And it doesn't necessarily have to be ones that the court, at that time, considers dispositive, but, you know, a creative plaintiff's attorney can come up with another theory. But you're not very creative. Maybe you're overly creative. I'm sorry. I'll withdraw that. But you didn't move the reconsideration. You didn't ask, I don't believe, for an opportunity to file an amended complaint. You didn't present the amended complaint to the court before. Well, you didn't present it. It wasn't before him. He just filed it, lodged it. Our request was for leave to amend, and part of that basis was to bring up this separation of powers argument that couldn't be brought up below. Now, and I believe that gives us leave to amend because there is a separation of powers problem here. And race judicata, at least the primary rights and race judicata issue, does not apply to the mandamus proceeding because, one, it's considered a special proceeding to which race judicata doesn't apply. Two, California race judicata under California Civil Procedure Code 1049 doesn't attach until the right to appeal in state court has either been decided by an appellate court or the time has expired, the time to appeal has expired. That didn't happen in this case. The district court made an alternative finding that your complaint, the one that was before him, didn't state a 1983 cause of action under Matthews v. Eldredge due process test. What's wrong with that? Well, I think under Matthews v. Eldredge and Humphreys v. Humphreys' executor, the plaintiff has the right. I mean, the rule is very clear. These, at least even in the administrative level, where I know efficiency is a very big goal, but the federal requirement of separation of powers at the administrative level between the prosecutor and the executive and the judge is in direct conflict with the policy of efficiency at the state level where they're saying, look, it's just a lot cheaper to allow a person to act as prosecutor and judge. Well, that's not even true. California has an Administrative Procedures Act through the Office of Administrative Hearings that was founded specifically because it was cheap and almost no cost at all. And I can refer you to Professor Asimow's article at 32 Tulsa Law Review 297-300 where that's exactly what, when he reviews this, there's just no harm here. It's just as efficient. And the other thing is, when you look, there's only one department in the entire state of California that gets a special exemption. There are 60-plus that are subject to the California Administrative Procedures Act, which means they have to have a separate prosecutor and judge. Only the DMV gets this special exemption. And otherwise, so there's a mechanism already set up. The mechanism exists. Well, are you saying the California Administrative Procedures Act is constitutionally based? Yes, it is. That was part of the reason for it. So it's harmonious with the Constitution? I can't say the entire Act, but on the issue of separation of the adjudicatory and the prosecutorial functions that's required. There's also a very important issue in the res judicata area called splitting the cause of action, which is raised in the case of Craig v. County of Los Angeles. Listen, you've run over your time. Thank you, Your Honor. All right. Thank you. Good morning, Your Honors. May it please the Court, my name is Mike Gurley. I'm a Deputy Attorney General, and I appear today on behalf of the Director of the Department of Motor Vehicles. The district court properly dismissed Mr. Lugo's complaint because it does seek to remedy the exact right that he claims was abridged in the mandamus action, namely Mr. Lugo's trying to get his driver's license to be not suspended. He tried to do that at the administrative level before the DMV and failed. He then sought to challenge that ruling at the mandamus level before the superior court, by which in his petition he did raise that it offended due process, it being the administrative hearing. Refresh my memory. What happened with the driving under the influence offense in the state court? In this case, Mr. Lugo, in the criminal action, was not prosecuted. In the administrative hearing, the issue was, was he driving with a prohibited blood alcohol concentration? He didn't object to the testing coming in, which reflected that he did. There was a question that was discussed at the administrative hearing. You kicked the case out, right? Why'd you kick it out? The criminal case. Well, we weren't a party to the criminal case. Yeah, but you're representing the attorney general. Well, the simple reason is because there's a different burden of proof in criminal cases than the administrative case, and for whatever reason, the city attorney chose not to prosecute Mr. Lugo. It was unclear from a beyond a reasonable doubt point of view whether he was the driver, right? That is fair. Because when he was found, he was not behind the wheel, right? That's correct. When the police arrived, there was nobody behind the wheel. And didn't a female officer get the keys from some other person? Yes. Yeah. Okay. But the issue that Mr. Lugo raised at the administrative hearing was that he was not allowed. So you didn't have any evidence that he was the driver? What evidence did you have that he was the driver? His admission to the police officer at the scene. What did he say? He said I was driving, but I was parked at the time that I got hit, or worse to that effect. Let me ask you this question. It is clear that Mr. Lugo, in his opposition to your Rule 12 motion, did ask for an opportunity to amend. Yes, Your Honor. And the judge decided to dismiss without prejudice, with prejudice? That is accurate because we put forth the argument that no amendment is possible to change the fact that what Mr. Lugo is suing for now in Federal court is what he sued for in State court, which is to not have his driver's license suspended. It's the same primary right. It's just cast differently. Isn't that the functional equivalent of the district court denying him the opportunity to amend? Granting the DMV's motion to dismiss with prejudice is the equivalent of denying his request for leave to amend, yes. And isn't the standard pretty liberal for allowance of amended complaints? Generally speaking, yes, except in situations like this where no amendment is possible to change what he's trying to remedy. Well, didn't he say that, wasn't he claiming that his primary right was the right to a fair hearing in his 1983? And before the State court, he was seeking to get his driver's license restored. And this is after the State of California or the whoever handled this dismissed this case for lack of evidence or whatever. You can say, well, there wasn't quite a reasonable doubt. But I have never, I don't remember any of these, these, we used to call them 502 cases. I don't remember any of those being kicked out when they had a, what was the blood alcohol here? I don't know. But the issue is different. There's two functions. There's an administrative. No, he said he went before an administrative hearing and he didn't get a fair hearing. And he raised that issue before the superior court and lost. Yeah, but this is a Federal issue. Then he, rather than appeal, went to Federal court and said I can't get a fair hearing in California State courts. So what's wrong with that? Because what he's trying to remedy, his point of saying he didn't get a fair hearing is because I didn't get a fair hearing, I can't drive. I don't think he got a fair hearing. Did he? The record reflects. Did they take evidence there before the hearing officer, the DMV, on whether he was in fact the driver or not? Yes. They did? Yes. Witnesses came and witnesses testified. Yes. Mr. Lugo presented evidence that supports his claim that he wasn't the driver. Did he have witnesses there? Yes. Isn't that a violation of Rooker-Feldman to go into Federal court and claim he didn't get a fair hearing in State court? I thought that was what it was all about. That's clearly a violation, Your Honor. He's trying to change the costume he's fashioning this cause of action in when the sole goal is identical. He doesn't care that the system in California isn't fair. He just cares that it's not fair to him in this sense because he lost. There's nothing in the record that suggests that he wasn't afforded due process at either the administrative level or at the superior court level or, for that matter, at the district court level. He's had his chance. He's lost twice. This should be his third strike. If the court has any other questions. Well, I mean, didn't the Federal court have subject matter jurisdiction here? I mean, people will, you know, they'll file a 1983 action in the Federal court. You can file it in the State court. You know, there are advantages that are weighed. And most of the time, attorneys will file complaints in both courts. I mean, does Rooker-Feldman preclude that? As I understand it, Your Honor, what Mr. Lugo is attempting to do is exactly precluded by Rooker-Feldman, which is. Explain that. Mr. Lugo had an opportunity to challenge the ruling adverse to him in the superior court if he chose. He could have filed his appeal in the Fourth District, citing whatever he wanted. He could have raised his 1983 action there if he chose. However, by not doing it, he allowed that judgment to become final. He tries to split hairs by saying it's not a judgment, but it is a judgment, and it's a judicial proceeding. Well, what judgment did he. The judgment denying writ of mandate. Okay, and. So rather than appeal. Why does that make it all final? A final judgment is entitled to full force and credit everywhere. Tell me why that makes it a final judgment. The denial of a writ of mandate. The denial of the writ of mandate was the judgment. The judgment was not appealed. The judgment on what? The judgment denying his petition for writ of mandate, which challenged. So he's denied writ of mandate. So you can't get that. Right. It's like you come into our court and you want a mandamus, and we don't grant many of them. They're rare that we grant them. So does that mean the whole case is, that's the judgment on the case? And goodbye? In this case, yes. Because what he's seeking to redress in the federal court is what he lost on in state court. Well, here he's coming and saying that the process in the state administrative system is unfair. I didn't get a fair hearing there. He's saying that the hearing officer was acting in the role of a prosecutor. And he raised that issue before the superior court, and the superior court judge in independent judgment rejected that claim. Yeah, but we're talking, we're in the federal system now. Right. We're in an entirely different world. But I don't understand your question, then, Your Honor. Well, I'm sorry that you don't understand it. Well, your question seems to be that you can sue. You go to mandamus, and they said, no, we're going to writ a mandate. And they said, no. How often do the state courts grant writs of mandate? Isn't that the normal result of this proceeding? The normal result in the proceeding is that the DMV's procedures are upheld because they're properly performed. But that's what you, when you challenge that in superior court, that's what you seek? Yes. Okay. And that was denied at the superior court level? That's right. And he did not appeal to the court of appeal? Correct, Your Honor. Unless there are any other questions, the DMV respectfully requests that this court uphold the district court's dismissal of Mr. Lugo's complaint to prejudice. Thank you. Well, what about the issue of denial of the amending the complaint? That's appropriate in this case, Your Honor. Why? Because if Mr. Lugo is allowed to amend his complaint and is allowed to take his lawsuit all the way to fruition and wins, he's going to get his driver's license back. That's what he sued for and lost in state court. You can't get a second bite at the apple, no matter what you call the apple. He's not looking for money damages? No. Not one cent is he asking for? No. Well, maybe when he amends his complaint he'll ask for more. Well, let's not let him, Your Honor. Okay. Thank you. You want to say something without rambling? I'll come right to the point. Yes. Go ahead. You've got a minute. To address Rupert Feldman, the reason it doesn't apply in the state court action, the esteemed counsel is correct. We wanted to get the suspension undone. After the mandamus proceeding, we filed the 1983 action in federal court. We aren't seeking suspension or anything to undo this. What we're seeking is to challenge the validity of the state statutes on the grounds of separation of power. So it's not the same claim. These are different claims. That's a predicate for getting your license back, though, isn't it? Sir? I say that's just a predicate for getting your license back, as far as I can make out. Well, it's a predicate to stop judges and prosecutors from being the same person. If that results in our client getting his license back, great, especially because then, you know, he won't lose his job. Well, has he got his license back now? The suspension, which we believe was unlawful in the first place, has expired. Yes. So he has his license. But the problem is, if it stayed on his record, if it stayed on his record, he could he would lose his job. So in addition to everything else, it's moot. No. It's not moot, because we're seeking injunction. This complaint that you didn't file in district court and never asked leave to file, does it ask for damages? Not at this point. The answer is no, right? No. It doesn't. Okay. So the only relief you sought in this unfiled, unpermissive complaint, sought to get his license back, right? He has it back. He has it back with a record of suspension. Okay. All right. And if I could just add, you know, there's just an absolute conflict between the federal and the state law.  Thank you. I want to ask counsel for the state a question. Do you know of any instances on a 502 where, who handles these now, the city attorney or the DA's office? Depends if it's brought as a felony or as a misdemeanor. If it's a misdemeanor, the city attorney handles it. How is this one brought? It's a misdemeanor. Misdemeanor. So the city attorney's office goes in and they dismiss the complaint, so there's not going to be any criminal prosecution. So do you know of any instances where that has happened and then the DMV suspends a person's license? Sure. It happens all the time. The only time it doesn't happen is when, in the criminal realm, there's a factual finding of innocence by a finder of fact. For example, you're not guilty. They don't have factual findings of innocence. They have not guilty. We find not guilty beyond a reasonable doubt. Okay. Well, that would constitute an acquittal, which would be a sufficient fact for the DMV to have an order of set-aside. There's a difference between an acquittal and a hard-hitting prosecutorial office kicking a case out. Very simply. The only reason they kicked it out was they didn't think they could get a conviction. Is that right? Sure. But the difference is the DMV isn't concerned about the criminal aspect of the punishment that goes with driving under the influence. It's an administrative function to get drunk drivers off the road so the rest of us are safe. We're all in favor of that. We're all in favor of that. But, Your Honor, to answer your question, they're not related. The DMV doesn't even look to what happens to the criminal prosecution unless there's a not guilty. And that's because they serve different functions. Well, you know, I've been around for a long time. I served on the municipal court, superior court, district court. This court I never heard of a situation where the DMV came in after a case was kicked out and suspended someone's license. There's many drunk drivers. You got a place where I can look? Oh, sure, Your Honor. Just make a copy of it and give it to the court. Very good. Thank you. This just seems to me something kind of inherently unfair with that. They probably kicked it out because they didn't think he was driving. Or but they didn't think he could prove it, that he was driving. But that's not the issue for the DMV. It's a completely different standard of proof, and the purpose for it is completely different. So there's no double jeopardy. There's no ‑‑ it's different. There's an administrative suspension. Nobody's arguing double jeopardy. Yeah, but it's, again, that's something that wasn't ‑‑ you learn something new every day. All right. Thank you. And that is submitted. I might state for the record that number two, Riva v. Kirkland, that's submitted. Now we come to number four, and that is Ng v. County of Los Angeles.
judges: Pregerson, Hawkins, Cudahy